## DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, Plaintiff–Appellant

### v.

INET AIRPORT SYSTEMS, INCORPORATED; Michael F. Colaco; Hartford Fire Insurance Company, INET Airport Systems, L.L.C., as Successor in Interest to Inet Airport Systems, Incorporated, Defendants–Appellees

## The Dallas/Fort Worth International Airport Board, Plaintiff–Appellant

### v.

INET Airport Systems, Incorporated; INET Airport Systems, L.L.C., as Successor in Interest to Inet Airport Systems, Incorporated, Defendants–Appellees.

Nos. 15–10390, 15–10600.

United States Court of Appeals, Fifth Circuit.

May 6, 2016.

Joe D. Tolbert, Russell Rhea Barton (argued), Harris, Finley & Bogle, P.C., Luis Alfredo Galindo, Fort Worth, TX, for Plaintiff–Appellant.

David Alan Walton (argued), Beirne, Maynard & Parsons, L.L.P., Dallas, TX, Jason H. Anderson, Esq., Stephen L. Ram, Esq., Craig A. Taggart (argued), Stradling, Yocca, Carlson & Rauth, Newport Beach, CA, David Alan Walton, Beirne, Maynard & Parsons, L.L.P., Houston, TX, for Defendant–Appellee.

Before CLEMENT and HAYNES, Circuit Judges, and GARCIA MARMOLEJO, District Judge.[*]

## ON PETITION FOR PANEL REHEARING

ORDER:

The petition for panel rehearing filed by Dallas/Fort Worth International Airport

* District Judge of the Southern District of Texas, sitting by designation.

Board is DENIED. Among other arguments in the petition, DFW contends that the statement in footnote 2 of our opinion that the parties "do not mention or challenge the district court's dismissal of claims against Colaco" is incorrect, as Colaco was mentioned in DFW's brief on appeal. Although it is true that Colaco was "mentioned," we conclude that this fact does not alter the result in the case as DFW failed to adequately discuss the alleged liability of Colaco and failed to adequately brief any error in Colaco's dismissal. *See, e.g., United States v. Charles,* 469 F.3d 402, 408 (5th Cir.2006) ("[The defendant] raises this argument in a one-sentence footnote and provides no authority for the proposition. Inadequately briefed issues are deemed abandoned."); *Dardar v. Lafourche Realty Co.,* 985 F.2d 824, 831 (5th Cir.1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.").